CLERKS OFFICE US DISTRICT COURT
AT ROANOKE, VA
FILED

April 27, 2026

LAURA A. AUSTIN, CLERK
BY: /s/ M. Poff
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF VIRGINIA
## ROANOKE DIVISION

| | |
|---|---|
| **LARRY ALLEN YOUNG, JR.,** | **Civil Action No. 7:25-cv-00589** |
| **Plaintiff** | |
| | |
| **v.** | **MEMORANDUM OPINION** |
| | |
| **D. BALL, et al.,** | **By: Pamela Meade Sargent** |
| **Defendants** | **United States Magistrate Judge** |

Plaintiff, Larry Allen Young, Jr., ("Young"), a Virginia Department of Corrections, ("VDOC"), prisoner incarcerated at Keen Mountain Correctional Center, ("Keen Mountain"), has filed this civil rights action pursuant to 42 U.S.C. §1983, against defendants D. Ball, ("Ball"), a nurse practitioner, E. Whited, ("Whited"), a registered nurse, and H. Harr, ("Harr"), the Keen Mountain Grievance Coordinator,  alleging that his rights under the Eighth Amendment of the U.S. Constitution were violated.[1] This case is before the court on the defendants' motion to dismiss, (Docket Item No. 13) ("Motion").  For the reasons stated below, the Motion will be granted, and Young's claim will be dismissed.

## 1. Facts

In his Complaint, (Docket Item No. 1), Young seeks injunctive relief ordering appropriate medical treatment, alleging that the defendants violated his rights under

---

[1] Young's Complaint, (Docket Item No. 1), contained numerous claims against numerous defendants. By Order entered August 22, 2025, (Docket Item No. 1-1), Young's claim in Claim 2 of his Complaint was severed into this separate action.

the Eighth Amendment.  Young alleges that, in December 2024, he filed a sick call request seeking treatment for a severe toenail fungal infection on his left foot. On December 10, 2024, nurse practitioner Ball examined Young's foot and prescribed Clotrim/Betameth[2] cream for the infection. Young expressed his desire to be prescribed an oral medication, such as Griseofulvin or Intraconazole, or to have the two damaged toenails surgically removed. Ball refused these requests and instructed Young to use the prescribed cream for four weeks. After four weeks of using the cream, with no improvement, Young submitted a second sick call request. On a second vist, Ball ended the Clotrim/Betameth cream prescription and refused to treat Young's toenail fungus by other methods.

On January 13, 2025, Young filed a Written Complaint against Ball for refusing to provide medical treatment for his toenail fungus. This Written Complaint was issued log number KMCC-25-WRI-00247, and was forwarded to Whited, the Keen Mountain "Registered Nurse Certification Board Director." On February 5, 2025, Whited responded to the Written Complaint stating, "follow sick call procedure." On February 6, 2025, Young filed a Regular Grievance against Ball and Whited.

Young alleges that, when a Regular Grievance is filed at Keen Mountain, the Grievance Coordinator, Harr, receives it and is responsible to generate a receipt for the Grievance, which assigns a log number to the Grievance and sets the next date on which action is required. Young stated this rarely occurs, and he never received a receipt for this Regular Grievance. From  February 7 to February 24, 2025, Young

---

[2]  "Betameth" is likely a shortened form of betamethasone, which is used to treat skin irritation.

sent multiple copies of the January 13, 2025 Written Complaint and the February 6, 2025, Regular Grievance to Harr, attempting to generate a receipt.

During the week of February 17-21, 2025, Young spoke to Keen Mountain Chief of Security S. Whaley, ("Whaley"), and Keen Mountain C-Building Unit Manager A. Dye, ("Dye"), regarding these matters. Dye advised Young to furnish him with a copy of the Written Complaint and Regular Grievance, and Dye would forward them to the Medical Department. Young complied with this request. On February 25, 2025, at approximately 6 a.m., a Keen Mountain Correctional Officer came to Young's cell and returned the January 13, 2025, Written Complaint and the February 6, 2025, Regular Grievance. Young never received a receipt for this Regular Grievance, the Regular Grievance was never assigned a log number, and the Grievance response had been "backdated" to February 7, 2025. On this Regular Grievance, the intake decision was listed as: "Personally Affected: You must identify how the issue caused personal harm or loss to you." In the top right corner of the Grievance, written in blue ink it stated: "Dr. Ball explained to you that fungal infections are hard to clear up & they do not give oral meds (sic) for them due to the effects it causes on the liver."

Young claims that he explained in his Written Complaint and Grievance that he could not cut his toenails without "hemorrhaging," and the nails caused him pain when he walked.

Young stated because he never received a receipt for this Regular Grievance, and the intake decision, which he received on February 25, 2025, was backdated to February 7, 2025, he could not appeal the intake decision, which, under VDOC policy, required an appeal to be filed within five days of receiving the intake decision receipt. Nonetheless, Young appealed the intake decision to the regional ombudsman on February 26, 2025, and notified the ombudsman that Keen Mountain's system

prevented him from exhausting his administrative remedies. Despite his family calling the regional ombudsman, the regional ombudsman refused to reply to Young's appeal.

### 2.    *Analysis*

In the Motion, the defendants argue that Young's Complaint should be dismissed under Federal Rules of Civil Procedure Rule 12(b)(6) for failing to state a claim upon which relief may be granted. A motion to dismiss under Rule 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999).  In considering a motion to dismiss, all well-pleaded factual allegations contained in a complaint are to be taken as true and viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). The complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action," and it must allege facts specific enough to raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  Dismissal also may be appropriate where the complaint contains a detailed description of underlying facts, which fail to state a viable claim. *See Estelle v. Gamble*, 429 U.S. 97, 106-08 (1976).

Furthermore, the court is required to liberally construe complaints filed by plaintiffs proceeding pro se. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *See Erickson,* 551 U.S. at 94; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This requirement of liberal construction does not mean, however, that the court

should ignore a clear failure to plead facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

The court construes Young's Complaint to allege that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.[3] The Eighth Amendment to the U.S. Constitution protects inmates from inhumane treatment and conditions while imprisoned. *See Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996). This includes a requirement that a state provide medical care to those it punishes by incarceration. *See Estelle*, 429 U.S. at 103. For a prisoner to prevail on a constitutional claim for denial of medical care, he must demonstrate that a defendant's acts or omissions amounted to deliberate indifference to his serious medical needs. *See Estelle*, 429 U.S. at 106. In essence, treatment rendered must be so grossly incompetent or inadequate as to shock the conscience or to be intolerable to fundamental fairness. *See Miltier v. Beorn*, 896 F.2d 848, 851 (4th Cir. 1990) (citation omitted).

With regard to a prisoner's medical treatment, a prison official is deliberately indifferent if he knows of, but disregards, an inmate's serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 844-45 (1994). Liability under this standard requires two showings. First, the evidence must show that the prison official subjectively recognized a serious medical need. It is not sufficient that the official should have recognized it; the official must actually have known of it. *See Rich v. Bruce*, 129 F.3d 336, 340 n.2 (4th Cir. 1997). A medical need serious enough to give rise to a constitutional claim involves a condition that places the inmate at a

---

[3] Claim 2 is simply entitled "Eighth Amendment," (Docket Item No. 1 at 9), without any further elaboration.

substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee v. Murphy*, 797 F.2d 179, 182-83 (4th Cir. 1986); *Loe v. Armistead*, 582 F.2d 1291, 1296-97 (4th Cir. 1978); *Rush v. VanDevander*, 2008 WL 495651, at \*1 (W.D. Va. Feb. 21, 2008). Second, the evidence must show that the prison official subjectively recognized that his actions were "inappropriate in light of that risk." *Rich*, 129 F.3d at 340 n.2. It is insufficient that the official should have recognized that his actions were insufficient. *See Brown v. Harris*, 240 F.3d 383, 390-91 (4th Cir. 2001). Therefore, to adequately plead a claim for deliberate indifference, a plaintiff must plead facts that show the defendants had actual knowledge of and disregard for an objectively serious medical need. *See Rush*, 2008 WL 495651, at \*1 (citing *Farmer*, 511 U.S. 825); *see also Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997).

Turning to the facts of Young's claim, I find that the Complaint fails to state a cause of action against any of these defendants for deliberate indifference to a serious medical need. Young's claim fails to allege he suffered from an objectively serious medical need. As stated above, a serious medical need involves a condition that places the inmate at a substantial risk of serious harm, usually loss of life or permanent disability, or a condition for which lack of treatment perpetuates severe pain. *See Farmer*, 511 U.S. at 832-35; *Sosebee*, 797 F.2d at 182-83; *Loe*, 582 F.2d at 1296-97; *Rush*, 2008 WL 495651, at \*1. Here, Young alleges that he suffers from toenail fungus on two of his toes. Numerous courts have held that toenail fungus is not a serious medical need. *See Jennings v. Al-Dabagh*, 97 F. App'x 548, 550 (6th Cir. 2004) (failure to treat toenail fungus that caused burning, itching and bleeding

did not amount to a serious medical condition within the meaning of the Eighth Amendment); *Reyes v. Wenderlich*, 2018 U.S. Dist. LEXIS 38207, at *20 (W.D. N.Y. Mar. 7, 2018) (toenail fungus not a serious medical condition); *Baker v. Sanford*, 2016 U.S. Dist. LEXIS 123315, at *31-32 (S.D. Fla. June 28, 2016) (failure to treat nail fungus insufficient to constitute an Eighth Amendment violation); *Watson v. Weldon*, 2000 U.S. Dist. LEXIS 11109, at *9 (D. S.C. Jan. 12, 2000) (untreated toenail fungus does not rise to level of serious medical need).

Young's claim also fails to allege that Ball was deliberately indifferent to a serious medical need. "To act with deliberate indifference, a prison official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Ellis v. Feinberg*, 2015 U.S. Dist. LEXIS 165206, at *6 (E.D. Cal. Dec. 9, 2015) (citing *Farmer*, 511 U.S. at 837). Young has alleged no such facts.

In addition, a disagreement between an inmate and medical personnel regarding diagnosis or a course of treatment does not present an Eighth Amendment claim. *See Estelle*, 429 U.S. at 107; *Ellis,* 2015 U.S. Dist. LEXIS 165206, at *11-12 (difference of opinions between inmate and a medical provider over proper medical treatment, or need for medical treatment at all, for toenail fungus does not state a Eighth Amendment claim). Furthermore, negligence in diagnosing or treating a medical condition does not state an Eighth Amendment claim. *See Estelle*, 429 U.S. at 104-05. Young's allegation that he should have been prescribed oral medication or his toenails should have been removed, at best, establishes a claim for medical malpractice; at worst, it establishes only a difference in opinion as to the proper

treatment. Neither of these are cognizable under the Eighth Amendment. *See Watson*, 2000 U.S. Dist. LEXIS 11109, at *11.

Prison officials, who are not involved in medical treatment, can be subject to an Eighth Amendment claim for deliberate indifference to a serious medical need but only if they intentionally deny, delay or interfere with treatment that has been prescribed. *See Estelle*, 429 U.S. at 104-05; *Miltier*, 896 F.2d at 854. Young's Complaint does not allege any such actions by Whited or Harr. Young's complaints against Whited and Harr arise out of their handling of his administrative remedies. Inmates do not have a constitutionally protected right to a grievance procedure. *See Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994). Furthermore, there is no liability under § 1983 for a prison official's response to an administrative remedies request. *See Brown v. Va. Dep't of Corrs.,* 2009 U.S. Dist. LEXIS 3022, at *49 (W.D. Va. Jan. 9, 2009).

Based on the above-stated reasons, I will grant the Motion and dismiss Young's claim against the defendants without prejudice for failing to state a claim.

An appropriate Order will be entered.

**ENTERED**: April 27, 2026.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE

8